**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose De Jesus OLIVAR–VERDIN,**
**Defendant–Appellant.**

**No. 03–10378.**
**D.C. No. CR–02–40174–DLJ.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2004.*

Decided June 28, 2004.

Michael Wang, USSF—Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Walter K. Pyle, Berkeley, CA, for Defendant–Appellant.

Before LAY,** HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM***

On April 3, 2003, Jose Olivar–Verdin was found guilty of a one-count criminal indictment charging him with illegal reen-

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

try following deportation, in violation of 8 U.S.C. § 1326. He now appeals, alleging that his prior deportation was unlawful and therefore should have been excluded in his criminal proceeding. We affirm.

I.

 In order to prevail on this collateral attack of his underlying deportation order, Olivar–Verdin must demonstrate, inter alia, that he was deprived of the opportunity for judicial review. *See* 8 U.S.C. § 1326(d). Olivar–Verdin argues that the timing of his deportation, which occurred only eight days after the BIA's affirmation of the IJ, improperly deprived him of the opportunity to seek review in this court. *See* 8 U.S.C. § 1252(b)(1) (providing thirty-day period in which to file a petition for review). However, Olivar–Verdin cites no authority to support his claim that his speedy deportation deprived him of the right to appeal to this court. Indeed, this argument is foreclosed by 8 U.S.C. § 1252(a)(2)(C), which provides: "[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony or two crimes of moral turpitude. *See* 8 U.S.C. § 1252(a)(2)(C).

 Olivar–Verdin also fails to demonstrate that his deportation order was "fundamentally unfair." *See* 8 U.S.C. § 1326(d). The record does not indicate that Olivar–Verdin suffered prejudice from any defects in his underlying deportation proceedings.[1] *See United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1048 (9th Cir. 2004). We find unpersuasive Olivar–Ver-

din's contention that the IJ's decision to deny him a second continuance to obtain counsel, in this instance, constituted an abuse of discretion that amounted to a due process violation. *See* 8 U.S.C. § 1229(b)(3); *Rios–Berrios v. I.N.S.,* 776 F.2d 859, 862 (9th Cir.1985); *Ubaldo–Figueroa,* 364 F.3d 1042, 1048 (9th Cir.2004). Accordingly, we affirm the judgment of the district court.

AFFIRMED.

---

1. Nonetheless, the better practice would have been for the IJ to grant a short continuance to at least allow Olivar–Verdin's lawyer to appear. While we cannot say that the denial rose to the level of fundamental unfairness, a short, additional continuance would have been preferred.

